IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN P. JOHNSON,
    Plaintiff ProSe'

v.

MICHAEL J. SCOTT P.C.,
    Defendant

Case No: SA-12-CA-1117-FB

**Civil Rights Violation Complaint**
**Trial By Jury Demanded**

## PLAINTIFFS' RESPONSE TO COURTS' ORDER FOR DEFENDANTS' FAILURE TO RESPOND TO DISCOVERY

1.    Plaintiff hereby submits his requests for Admissions, Interrogatories and Production from Defendant. Also included are Defendant's answers to Discovery.

2.    Plaintiff has highlighted specific requests that were not answered satisfactorily or where Defendant has claimed privilege.

3.    Plaintiff has also included emails exchanged between Plaintiff and counsel for the Defense, requesting full and complete answers for specific numbered requests for Production.

4.    Defendant filed a Response to Plaintiff's Motion to Compel (Docket entry 81.) In Defendant's response, II, 4. Defendant claims Plaintiff did not file a certification to confer in good faith in violation of Fed. R. Civ.37(a)(1). Plaintiff did file a certificate to

1

confer in good faith (Docket entry 80.) as required by Fed. R. Civ.37(a)(1). The certificate of good faith was filed on 11/22/13, while Defendant's claim that Plaintiff did not file a certificate of good faith to confer was filed on 12/05/13. Defendant's claim that Plaintiff did not file a certificate of good faith is either an oversight or a deliberate attempt to deceive the Court.

5.   In Defendant's response to Plaintiff's Motion to Compel, II,13. dated 12/05/13 (Docket entry 81.) Defendant asserts that "Plaintiff has not identified a specific Request for Production where Defendant has failed to provide a full & complete answer". In an email (See attached) dated 11/19/13, Plaintiff specifically requested answers to requests for Production #3, #4, #5, #8, #13, #14, #19 and #20. Defendant's claim is again either "another" oversight or a clear and deliberate attempt to deceive the Court.

6.   Plaintiff had attempted to confer in good faith, but felt that Defendant was only interested in delaying or impeding discovery.

7.   WHEREFORE, Plaintiff requests the Court to grant his Motion to Compel Defendant to Produce all Documents requested by Plaintiff and answers for Interrogatories 15 through 23.

Respectfully submitted,

John P. Johnson Plaintiff Pro Se'

2

Mailing: 11006 Clifton Forge
San Antonio, Texas 78230
Residence: 861 28 th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents@yahoo.com

## CERTIFICATE OF SERVICE

I, __John P. Johnson__, Plaintiff pro se, do here by certify that on the __10th__ Day of __February__, 20 __14__, a true and correct copy of the foregoing pleading was forwarded to __Robbie Malone__, the attorney for (Defendant) by ___(State the manner of delivery - eg. (U.S. Mail; Hand Delivery; Certified Mail)___ at the following address:___ (give address of Attorney for the Defendant)___.

__Robbie Malone__
__Northpark Central, Suite 1850__
__8750 North Central Expressway__
__Dallas, Texas 75231__

Dated: __10 Feb 14__

_____
Signature of Plaintiff

**Subject:** RE: Discovery

**From:** Robbie Malone (rmalone@rmalonelaw.com)

**To:** jjohnsonrents@yahoo.com;

**Date:** Tuesday, November 19, 2013 2:12 PM

Mr. Johnson,

If you wish to tell which specific Request you contend we have not answered I will review it.

**From:** John Johnson [mailto:jjohnsonrents@yahoo.com]
**Sent:** Tuesday, November 19, 2013 1:40 PM
**To:** Robbie Malone
**Subject:** Discovery

Ms. Malone,

I have received your client's response to my request for Discovery. Your client's responses for my requests were not complete, Specifically, they did not provide documents about North Star Capital, authorization to collect on behalf of NSC, FIA and BOA, and other requests important to my preparation for trial. Please contact me at your convenience to advise if your client would be willing to provide the requested documents and answers.

Thank you

John P. Johnson

210-842-7851

**Subject:** RE: Discovery

**From:** Robbie Malone (rmalone@rmalonelaw.com)

**To:** jjohnsonrents@yahoo.com;

**Date:** Wednesday, November 20, 2013 9:27 AM

I believe that we would be willing to provide you with some of the items requested but they are privileged and we need protective order. Are you willing to sign one?

**From:** John Johnson [mailto:jjohnsonrents@yahoo.com]
**Sent:** Tuesday, November 19, 2013 7:44 PM
**To:** Robbie Malone
**Subject:** Re: Discovery

Ms. Malone,

Request for Production #3- Provide the authorization for MJS to collect on alleged account.
Request for Production #4- Provide the authorization for NSCA to collect for FIA or the purchase price of this alleged account.
Request for Production #5- Provide the contract Plaintiff has with FIA.
Request for Production #8- Provide an itemized account of "all" transactions.
Request for Production#13- Provide copies of "all" statements for this alleged account.
Request for Production#14-Provide a ledger accounting of "all" interest, exact dates of those interest rates charged during the existence of this alleged debt.
Request for Production#19-Provide the agreement MJS had with whoever was attempting to collect on this alleged account.
Request for Production#20-Provide any document your client may have that can prove that they had authorization from anyone FIA or NSCA to collect on this account.

If your client cannot fully and completely respond to these requests and all the Interrogatories that I have sent to your office I will be left with no other choice but to compel discovery.

Thank you

John P. Johnson
210-842-7851

On Tuesday, November 19, 2013 2:12 PM, Robbie Malone <rmalone@rmalonelaw.com> wrote:

## DEFENDANT MICHAEL J. SCOTT, P.C.
## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

1. Provide the actual original credit card contract upon which your Complaint against Plaintiff in Bexar County Court is based, including all subsequent amended terms.

**RESPONSE:** Defendant is not in possession of any documents responsive to this request.

2. Provide a contract, agreement, assignment, or other means of demonstrating that FIA Card Services N.A. has the authority and was legally entitled to collect on the alleged debt.

**RESPONSE:** FIA Card Services is the original creditor of this account. See attached documents and any supplementation thereto.

3. Provide a copy of the Collections Assignment between Michael J. Scott P.C. and FIA CARD SERVICES N.A.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Additionally, Defendant objects to this request and is withholding documents as it seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

4. Provide a copy of the Collections Assignment between North Star Capital Acquisition, FIA CARD SERVICES N.A. and Michael J. Scott P.C.

**RESPONSE:** Defendant is not in possession of any documents responsive to this request.

5. Provide evidence or proof of the Plaintiff's alleged debt to FIA Card Services N.A., including specifically the alleged contract or agreement, between the Plaintiff and FIA Card Services N.A. or any other instrument constructed solely for the purpose of creating a loan agreement between the Plaintiff and FIA Card Services N.A. bearing Plaintiff's signature and/or please produce the contract that legally requires the Plaintiff to pay the amount entered into the complaint FIA CARD SERVICES N.A. and Michael J. Scott P.C. filed in Bexar County Court against Plaintiff.

**RESPONSE:** See the Judgment entered in the County Court at Law No. 3 in Bexar County, Texas, attached documents, and any supplementation thereto.

6. Provide the original or copy of the account agreement that states interest rate, grace period, finance charge, assignment, and specifically the State Laws that the agreement and account are governed by plus other important facts.

**RESPONSE:** See attached documents and any supplementation thereto.

7. Provide copies of the amount paid and/or the consideration due for the alleged contract/account.

**RESPONSE:** See attached account statements and any supplementation thereto.

8. Provide an Itemized account of all transactions mentioned in Interrogatory Number Nineteen (19).

**RESPONSE:** See attached account statements and any supplementation thereto.

9. Provide the Record of Assignment that displays the information in Interrogatory No. 23.

**RESPONSE:** There are no documents responsive to this Request as this credit account has not been assigned.

10. Provide evidence of authorization of Michael J. Scott P.C. to do business, create loans, issue or extend credit, collect debts and/or operate in the State where Michael J. Scott P.C. conducts their business.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Additionally, Defendant objects to this request and is withholding documents as it seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

11. Provide evidence of authorization of FIA Card Services N.A. and Michael J. Scott P.C. to do business, create loans, issue or extend credit, collect debts and/or operate as a financial business in the State of TEXAS.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Additionally, Defendant objects to this request and is withholding documents as it seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

12. Attach any and all notices sent to Plaintiff by Michael J. Scott P.C. in regards to this account demanding payment.

**RESPONSE:** Responsive documents are attached.

13. Attach copies of all statements generated while this alleged account was open with FIA Card Services N.A.

**RESPONSE:** See attached account statements and any supplementation thereto.

14. Attach a complete and accurate history of the interest charged on this alleged account with FIA Card Services N.A. Show the exact dates those interest rates changed and list the various rates that were charged during the existence of this debt and the exact method of amortization.

**RESPONSE:** See attached account statements and any supplementation thereto.

15. Attach any and all notices sent to Plaintiff by FIA Card Services N.A. announcing changes in interest, fees or penalties and/or the terms of this alleged debt.

**RESPONSE:** The Plaintiff would have access to this information through account documents previously provided to the Plaintiff. Subject to, see attached documents and any supplementation thereto.

16. Identify each Credit Reporting Agency (credit bureau) to which the Michael J. Scott P.C. reported Plaintiff's alleged debt and the dates of each such reporting.

**RESPONSE:** None.

17. Provide a copy of the original dunning letter that was sent to Plaintiff.

**RESPONSE:** Responsive document is attached.

18. Attach any and all notices sent to Plaintiff by Michael J. Scott P.C. in regard to the account announcing transfer and/or assignment of the credit card account from FIA Card Services N.A. to any collection agency or collection attorney.

**RESPONSE:** See response to Request No. 17 above.

19. Attach a copy of the agreement with FIA Card Services N.A. that grants Michael J. Scott P.C. or their attorney(s) the authority to collect this alleged debt.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Additionally, Defendant objects to this request and is withholding documents as it seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

20. Attach a copy of the agreement with FIA Card Services N.A. that grants North Star Capital Acquisition or their attorney(s) the authority to collect this alleged debt.

**RESPONSE:** Defendant is not in possession of any documents responsive to this request.

INTERROGATORY #14
On what date did the Plaintiff become indebted to FIA Card Services N.A. for $16,293.69?

**RESPONSE:** FIA Card Services, N.A. opened this account on or around January 12, 2004, per Plaintiff's request. Plaintiff's last payment to FIA Card Services, N.A. was on January 4, 2010. FIA Card Services charged off this account on August 31, 2010, with $16,293.69 due and owing by Plaintiff.

INTERROGATORY #15
Identify all witnesses with evidence in support of your Complaint in Bexar County Court that the Plaintiff, entered into a contract and is indebted to FIA Card Services N.A.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Defendant further objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #16
State all actions taken to verify the accuracy and completeness of the accounts reported and state your procedures designed to assure the maximum possible accuracy of the information reported by you.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Defendant further objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #17
What is the date that the Plaintiff allegedly defaulted on the original account with FIA Card Services N.A.?

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #18
What was the status of the alleged contract/account when collection assignment was made to Michael J. Scott P.C.?

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #19
What credit card purchases and/or cash advances were made on this account? When and where were they made?

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #20
Please identify and describe each exhibit you will use in the trial of civil action: CAUSE NO. SA-12-CA-1117-FB

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #21
State fully, completely and at length the factual basis of each defense which you now assert or intend to assert in this action.

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #22
As to each defense set out in response to Interrogatory Twenty (20), above, state the following as to notification to Plaintiff of such defenses; (a) the date or dates when notification was given; (b) the manner in which notification was given; and (c) the specific party or parties to whom notification was given.

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

INTERROGATORY #23
Do you have the actual Original Contract or Agreement between the Plaintiff and FIA CARD SERVICES N.A.? And, do you have the Original Collections Assignment Agreement between FIA CARD SERVICES N.A. and Michael J. Scott P.C.?

**RESPONSE:** Defendant objects to this request on the grounds that the request exceeds the number of Interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN P. JOHNSON, Plaintiff ProSe' | ) ) ) |
| v. | ) Case No: SA-12-CA-1117-FB ) |
| MICHAEL J. SCOTT P.C., Defendant | ) **Civil Rights Violation Complaint** ) **Trial By Jury Demanded** ) ) ))) |

## ORDER

After considering Plaintiff's Motion to Compel, and the Response thereto, the Court hereby Grants Plaintiff's Motion in all things.

Signed on this _____ day of _____, 2014.

_____
Presiding Judge

Respectfully submitted,

_____

John P. Johnson Plaintiff Pro Se'
Mailing:11006 Clifton Forge
San Antonio, Texas 78230
Residence:861 28 th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents@yahoo.com

1